IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Jeffrey Walter<br>An individual,<br>Plaintiff<br><br>v.<br><br>Ville de Paris (The City of Paris),<br>A Municipal Commune of France,<br>Defendant | § § § § § § § § § § | Civil Action No. 09-3939 |

**PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT
AND MOTION FOR DEFAULT JUDGMENT**

Plaintiff Jeffrey Walter ("Mr. Walter") files this Request for Entry of Default and Motion for Default Judgment against Defendant Ville de Paris and in support thereof would show the following:

### I. ARGUMENT AND AUTHORITIES

1.　Mr. Walter filed a pleading in the United States District Court for the Southern District of Texas on December 8, 2009, naming Ville de Paris, a municipal commune of France as the Defendant. Mr. Walter sought affirmative relief, making claims for reverse domain hijacking under 15 U.S.C. § 1114(2)(D)(IV)-(V), declaratory relief under the Lanham Act, tortious interference with contract, and conversion. Mr. Walter requested declaratory relief, damages of not less than $100,000, punitive damages according to proof at trial, costs and expenses including costs under 15 U.S.C. § 1114(2)(D)(IV)-(V) along with reasonable attorney fees and such other relief as deemed just and proper by the Court. *See* Exhibit A (Plaintiff's Original Petition).

2. The summons and complaint were served on Ville de Paris on October 20, 2010. Alan H. Crowe & Associates, Inc. d/b/a Crowe Foreign Services, was retained by Mr. Walter's attorneys to effect formal service of the complaint, summons and Foreign Sovereign Immunities Act Notice of Suit on Defendant Ville de Paris in accordance with 28 U.S.C. § 1608. The Foreign Sovereign Immunities Act provides specific methods for service of process on a foreign state or political subdivision, agency or instrumentality of a foreign state. These methods preclude some of the options for service in a foreign country under the Federal Rules of Civil Procedure. Crowe Foreign Services, through its agent, proceeded to attempt service through internationally agreed means. In France, those means are the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Done at the Hague, November 15, 1965, (Hague Service Convention), to which the United States and France are both signatories. France has designated the Ministry of Justice in Paris, France as the entity authorized to receive requests for service in accordance with the Hague Service Convention. *See* Exhibit B (Documents Evidencing Service); Exhibit C (Affidavit of Travis Crabtree).

3. Pursuant to Federal Rule of Civil Procedure 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55. Rule 55 mandates a two-step process for a party who seeks a default judgment in its favor. *Id.*; *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Entry of a default on the docket is the first step. *Id.* Once an entry of a default on the docket is made, a party may then apply to the court for a default judgment. *Id.*

4. The deadline for Ville de Paris to respond to Plaintiff's Original Petition was December 20, 2010, 60 days after service was effected, pursuant to 28 U.S.C. § 1608(d). In the

alternative, if Ville de Paris had six months to respond pursuant to the Hague Convention, the deadline was on April 20, 2011. Regardless, Defendant is still in default. *See* Exhibit C (Affidavit of Travis Crabtree).

5. An entry of default must be entered against Ville de Paris because they did not file a responsive pleading before the deadline, whether it was 60 days or six months. Additionally, an entry of default must be entered because Ville de Paris has not otherwise defended the lawsuit. Ville de Paris has not taken any action or filed any document indicating any intent to defend the claim filed against it. *See* Exhibit C (Affidavit of Mr. Crabtree).

6. Further, entry of default judgment against Ville de Paris is also proper. Ville de Paris an entity and therefore can not be a minor nor an incompetent person. Additionally, Ville de Paris, as an entity, can not be in military service. *See* 50 U.S.C.A. § 521; Exhibit D (Affidavit of Non-Military Status).

7. The amount of Mr. Walter's claim against Ville de Paris, as alleged in the pleadings, is for not less than $100,000, punitive damages according to proof at trial, costs and expenses including costs under 15 U.S.C. § 1114(2)(D)(IV)-(V) along with reasonable attorney fees and such other relief as deemed just and proper by the Court. Since the amount of damages is not a sum certain, Plaintiff requests a hearing before this Court to determine damages and on the reasonableness and amount of attorneys fees requested in this case. *See* Exhibit A (Plaintiff's Original Petition).

8. Defendant is a foreign sovereign. Plaintiff has provided sufficient evidence in support of its claims, as required under 28 U.S.C. § 1608(e). *See* Exhibit E (Affidavit of Jeffrey Walter).

## II. PRAYER

Plaintiff Jeff Walter requests that this court enter default and grant the motion for default judgment before the Court. Further, Plaintiff requests a hearing before the Court to determine damages and reasonable attorney fees.

By: /s/ Travis Crabtree
Travis Crabtree
State Bar No. 24015192
Federal I.D. No. 28105
1300 Post Oak Boulevard
Suite 2000
Houston, Texas 77056
(713) 986-7000
(713) 986-7100 (Fax)
tcrabtree@lrmlaw.com

ATTORNEY-IN-CHARGE FOR
PLAINTIFF JEFFREY WALTER

Of Counsel:

John Berryhill, Ph.d.
John Berryhill LLC
4 West Front St.
Media, PA 19063
(610) 565-5601
john@johnberryhill.com
Pennsylvania Bar ID No. 83,911
*Pro Hac Vice*

Paul R. Keating
173 Balmes 2/2
08006 Barcelona, Spain
Tel. +34 93 368 0247
paul@law.es
California Bar ID No. 111661
*Pro Hac Vice*