IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Jeffrey Walter** § | | |
| **An individual,** § | | |
| **Plaintiff** § | | |
| § | | |
| v. § | Civil Action No. 09-3939 | |
| § | | |
| **Ville de Paris (The City of Paris),** § | | |
| **A Municipal Commune of France,** § | | |
| **Defendant** § | | |

### DECLARATION OF ATTORNEY JOHN BERRYHILL

I, John Berryhill, declare as follows:

1.     "My name is John Berryhill.  I am an attorney licensed to practice *pro hac vice* in this District on this case.  I am one of the attorneys of record for Plaintiff Jeffrey Walter.  I have personal knowledge of the contents of this declaration and the facts stated herein are true and correct.

2.     I am an attorney and have been licensed to practice law in the Commonwealth of Pennsylvania since October 1999.  I am the principle of John B. Berryhill LLC ("JBB").  Plaintiff entered into an agreement with JBB under which JBB would represent it in this action against Defendant.

3.     I am familiar with the attorneys' fees customarily charged by attorneys whose practices focus on domain name issues across the country such as this case.  I am also familiar with the attorney services that are reasonable and necessary for the proper prosecution of a lawsuit such as this.  My hourly rate is $300 which is reasonable in this case.  I have been working with local counsel, Travis Crabtree, and have personally performed many of the services and done the required research in this case.

4.     Based on my experience, and for the reasons set forth herein, it is my opinion that the amount of $9300 is reasonable, customary, and necessary attorney fee for the services provided by me to prosecute the claims in this

lawsuit against Defendant. This amount includes counseling the client, drafting pleadings, research, communication with Defendant, assisting with service under the Hague Convention, following up on securing service, filing pleadings to obtain a default, preparing for and attending the hearing via telephone to secure a default judgment, and drafting the affidavits and pleadings.

5. I also incurred expenses related to serving Defendant through the Hague Convention from Crowe Foreign Services in the amount of $2,780.

6. At meeting of the Internet Corporation of Assigned Names And Numbers (ICANN) held in Brussels, Belgium in June 2010, I was requested by a Mr. Stephane Van Gelder to meet privately with him. Mr. Van Gelder is the General Manager of INDOM, a French firm whom the Defendant has engaged as agent to provide consultation and technical services in connection with applying and operating a proposed .paris top-level domain. Applicants for such top-level domain names must apply to ICANN and, among other things, disclose to ICANN legal disputes concerning domain names in the course of making such applications.

7. I met with Mr. Van Gelder in a coffee shop adjacent to the conference facility in Brussels. He began our conversation by asking me "What is your problem with the City of Paris?" I explained to him that I have represented several clients in domain name disputes with the Defendant, including the instant action, and asked him, based upon his agency for the Defendant, "Does the City of Paris have a problem with me?" He answered in the affirmative, and further stated in the course of the conversation, "You don't really expect them to fight a lawsuit in Texas, do you?" indicating his knowledge of the instant action. I explained to Mr. Van Gelder that I am bound to serve the interests of Mr. Walter, and that dismissal of the action without judgment would, according the UDRP rules, result in the registrar transferring the domain name to Defendant. I further stated that I could not engage in a discussion of privileged information, nor could I advise or instruct Mr. Van Gelder as to what the City of Paris should do. I referred him to public articles about this action and related matters in which I have represented others in domain disputes with the City of Paris.

8. Based upon my conversation with Defendant's agent, I believe Defendant's agent was instructed to have the above-described conversation with me, and to inquire about the Plaintiff's intentions in this action. I had not expected this action to be the subject of the meeting Mr. Van Gelder requested to have with me. I thus believe Defendant has actual notice of this action.

Executed on this 13th day of September, 2012.

_____
John Berryhill